# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

SABINE SIMMONS individually and as the mother, )
custodial parent and next of kin to ▋ )
▋, a minor child  **ADS** )
)
Plaintiffs, )
v. )  2:2025-cv-_____  2:25-cv-408-CWB
)
DOUG TULINO, Acting United States Postmaster )
General; JEREMY DEROMUS WHITE )
)
Defendants. )

## COMPLAINT

**COMES NOW**, Plaintiff Sabine Simmons by and through undersigned counsel, and for want of prosecution, says as follows:

### THE PARTIES

1. Plaintiff is over the age of nineteen (19) years and a resident of Montgomery County, Alabama. At all times material hereto, the plaintiff avers that her minor child, ▋ **ADS** ▋, suffered bodily injuries and she incurred property damages to her motor vehicle, which he was operating, proximately caused from a collision with a vehicle driven, by Defendant Jeremy Deromus White, and owned by Defendants United States Postal Service of which, upon information and belief, Doug Tulino is Acting United States Postmaster General.

2. Defendant Jeremy Deromus White is over the age of nineteen (19) and at all times material hereto is a resident of the Middle District of Alabama, more specifically 1946 Chancellor Ridge Road, Prattville, Alabama 36066. Defendant Doug Tulino is the duly appointed Postmaster General, upon information and belief serving in an Acting capacity for the United States Postal Service 475 L'Enfant Plaza SW, Washington, District of Columbia 20260. The defendants may be

served with summons and complaint at the aforementioned respective addresses.

## JURISDICTION AND VENUE

3. Subject Matter Jurisdiction of this court is invoked pursuant to, and in accordance with, the provisions of Title 28 U.S.C. §§ 1331 and 1343 (3), this being an action to for damages pursuant to the laws of the United States of America, namely Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000(e). The Court has Personal Jurisdiction of the parties to this action.

4. Venue is appropriate pursuant to Title 28 U.S. C. § 1391(b).

## ADMINISTRATIVE PROCEDURES

5. The plaintiff avers that she as a condition precedent to invoking the Court's jurisdiction she has complied with federal regulations by having filed an administrative claim and has either obtained a written denial or waited six months pursuant to 28 U.S.C. Section 2675(a) and the Federal Tort Claims Act (28 U.S.C. Section 1346) pursuant to which she has brought this action.

## COUNT I

## NEGLIGENCE

6. Plaintiff avers that on or about July16, 2023, Defendant, Jeremy Deromus White, negligently caused or allowed the motor vehicle he was operating, to collide with the motor vehicle operated by Plaintiff Sabine Simmons minor child, ADS ███████. At all times material hereto, said vehicle was owned by Defendant United States Postal Service of which, at all times material hereto, upon information and belief Doug Tulino serves as the duly appointed Acting Postmaster General. Defendants Tulino, by and through his designated postal personnel entrusted said vehicle to Defendant Jeremy Deromus White. Plaintiff avers that at all times material hereto Defendant Jeremy Deromus White was acting within the line and scope of his employment and/or

other representative capacity on behalf of Defendant Doug Tulino and the United States Postal Service such that they are vicariously liable for his actions and/or omissions on a theory of respondeat superior.

7.  Plaintiff avers that Defendant, Jeremy Deromus White failed to exercise due care in the operation of his motor vehicle or otherwise failed to keep a proper lookout, thereby causing the same to collide with the plaintiff's vehicle, while driving his vehicle in such a manner that allegedly his vision was impaired boxes/cargo within his postal vehicle such that he negligently entered the intersection of Evans Drive and Old Selma Road when it was not safe to do so proximately causing his vehicle to collide with the plaintiff's vehicle. Plaintiff avers that the actions/omissions of Defendant White are tantamount to negligence per se, in violation of *The Code of Alabama*, 1975 §§ 32-5A-89 and 32-5A-190. Plaintiff further avers that the actions of Defendants United States Postal Service/Tulino and his designated Postmaster of the local postal location from where Defendant White embarked on his mail route delivery are tantamount to negligent entrustment.

8.  As a direct and proximate result of defendants' negligence, the plaintiff avers that her minor child was caused to suffer bodily injuries and damages as follows: he has suffered bodily injuries; he has incurred medical costs and expenses; he has suffered physical pain and suffering; he has suffered mental anguish and emotional distress; and she has suffered loss income; loss of fair market value to her property, 2022 Toyota Camry XSE, Vehicle Identification Number 4T1K61AK3NU021093.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands judgment against defendants jointly, separately and severally, and asks that a jury award her an adequate and reasonable amount of money as compensatory in excess of the jurisdictional limit of this court, plus her costs for this action.

Respectfully submitted,

/s/ Amardo Wesley Pitters
**Amardo Wesley Pitters, Esquire**
**Counsel for the Plaintiff**
**Alabama State Bar No.: 8989-T64A**

OF COUNSEL:

*LAW OFFICES A. WESLEY PITTERS, P.C.*
**1145 South Perry Street (36104)**
**Post Office Box 1973**
**Montgomery, Alabama 36102-1973**
**Telephone: (334) 265-3333**
**Telecopier: (334) 265-3411**
**Email: awpitters@pitterslawfirm.com**

**PLAINTIFF DEMANDS TRIAL BY JURY.**